JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiffs-appellants Margaret and Bryan McPherson appeal the trial court's granting summary judgment in favor of defendant-appellee Progressive Max Insurance Company.[1] We find no merit to the appeal and affirm.
 {¶ 2} On March 19, 2001, Margaret McPherson was severely injured when she was struck by a stolen vehicle driven by Jace C. Whitt, an uninsured motorist. At the time of her accident, McPherson was employed by Progressive Casualty Insurance Company, which was the named insured under a commercial automobile policy issued by Progressive Max, providing UM/UIM coverage in the amount of $1,000,000 per accident. McPherson was not occupying a vehicle owned or leased by Progressive Casualty Insurance and was not acting within the scope of her employment at the time of the accident.
 {¶ 3} The McPhersons attempted to file a claim under this policy, which Progressive Max denied. They then filed a declaratory judgment action seeking coverage under the policy.[2]
 {¶ 4} The parties filed motions for summary judgment. The McPhersons alleged that Margaret McPherson qualified as an "insured" under the Progressive Max policy pursuant to Scott-Pontzer v. LibertyMutual Fire Ins. Co. (1999), 85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Co. of Amer. (1999), 86 Ohio St.3d 557.
 {¶ 5} Progressive Max argued that on July 21, 2000, a post-Scott-Pontzer endorsement to the Progressive Max policy effectively changed the definition of "who is an insured" in such a manner as to eliminate the ambiguity existing in Scott-Pontzer and its progeny. In opposition, McPherson argued that a unilateral change in the policy is not permitted pursuant to R.C. 3937.31(A); therefore, the new endorsement had no effect at the time of her accident, since at that time, she was covered under a policy that became effective on July 1, 2000, and expired on July 1, 2001.
 {¶ 6} The trial court granted summary judgment in Progressive Max's favor, finding that the new endorsement language prevented coverage.
 {¶ 7} The McPhersons raise two assignments of error on appeal.
 Two-Year Policy Guarantee Pursuant to R.C. 3937.31(A) {¶ 8} In their first assignment of error, the McPhersons argue that the prior endorsement controls because the policy is subject to the two-year guarantee period set forth in R.C. 3937.31(A), and that any unilateral change in the policy language before the two-year period expired would be ineffective.
 {¶ 9} Appellate review of summary judgments is de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor SoccerClub (1998), 82 Ohio St.3d 367, 369-370, as follows:
 {¶ 10} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."
 {¶ 11} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 12} R.C. 3937.31(A) states in pertinent part:
 {¶ 13} "(A) Every automobile insurance policy shall be issued for a period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years. Where renewal is mandatory, `cancellation,' as used in sections 3937.30 to 3937.39 of the Revised Code, includes refusal to renew a policy with at least the coverages, included insureds, and policy limits provided at the end of the next preceding policy period. No insurer may cancel any such policy except pursuant to the terms of the policy * * *."
 {¶ 14} In Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, 250, the Ohio Supreme Court held that pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state, must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39. The Court further held that "the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy. The statutory law in effect on the date of issue of each new policy is the law to be applied. Id., citing Ross v. Farmers Ins. Group ofCos. (1998), 82 Ohio St.3d 281.
 {¶ 15} However, R.C. 3937.31(A) and Wolfe make it clear that R.C.3937.30 to 3937.39 must apply before the mandatory two-year policy period is required. R.C. 3937.30 specifically states:
 {¶ 16} "As used in sections 3937.30 to 3937.39 of the Revised Code, `automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:
 {¶ 17} "* * *
 {¶ 18} "(D) Does not insure more than four motor vehicles;
 {¶ 19} "* * *"
 {¶ 20} In Zurcher v. Nat'l Surety Corp., 5th Dist. No. 2001 CA 00197, 2002-Ohio-901, the Fifth District Court of Appeals determined that the mandatory two-year guaranteed policy period was inapplicable to the company's selection of reduced UM/UIM coverage because the policy at issue covered five specifically identified automobiles and, therefore, it was not an "automobile insurance policy" as defined in R.C. 3937.31
because it insured more than four vehicles. See, also, Price v. Ayers, Fifth Dist. No. 2002 CA 00124, 2002-Ohio-5479.
 {¶ 21} Likewise, the policy in the instant case also insures more than four vehicles; thus, it does not meet the statutory definition of "automobile insurance policy." The policy refers to a fleet of vehicles listed on a vehicle schedule on file with the company. Sara Stehlik, Director of Risk Management for Progressive Casualty, stated in her unrebutted affidavit that the policy insures "hundreds of vehicles."
 {¶ 22} Furthermore, R.C. 3937.31(B) provides in pertinent part:
 {¶ 23} "(B) Sections 3937.30 to 3937.39 of the Revised Code do not prohibit:
 {¶ 24} "(1) Changes in coverage or policy limits, cancellation, or nonrenewal for any reason at the request or with the consent of the insured. * * *"
 {¶ 25} According to Sara Stehlik's affidavit, the inclusion of the new endorsement language was made at the request and with the consent of Progressive Casualty Insurance. Therefore, the two-year commitment rule does not apply to exclude this change in the policy.
 {¶ 26} Accordingly, the first assignment of error is overruled.
 Constitutionality of Trial Court's Decision {¶ 27} In their second assignment of error, the McPhersons argue that the trial court's decision finding R.C. 3937.30 et seq. inapplicable to commercial insurance policies violates the Due Process Clause of Sections 2, 5, and 16 of Art. I, of the Ohio Constitution because it treats commercial and individual insureds disparately.
 {¶ 28} The court's decision does not result in such a violation because commercial entities with less than four motor vehicles would still fall within these provisions. Therefore, the existence of a commercial policy is not the issue. The precise issue is the number of vehicles insured. Such a distinction does not violate due process.
 {¶ 29} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and KENNETH A. ROCCO, J. CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The McPhersons also attempted to obtain coverage under Margaret McPherson's daughter's policy issued by Progressive Preferred Insurance Company; however, summary judgment was entered in Progressive Preferred's favor. There has been no appeal of this portion of the summary judgment ruling.
[2] In addition, the McPhersons also brought a claim against Jace C. Whitt and default judgment was subsequently entered in McPherson's favor. Whitt is not a party to this appeal.